UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

MICHAEL KANAVAL,

　　　　　　　　Plaintiff,

　　　　v.

UNITED STATES POSTAL SERVICE,

　　　　　　　　Defendant.

———————————————————————

**DECISION AND ORDER**

1:26-CV-00180 EAW

## INTRODUCTION

*Pro se* plaintiff Michael Kanaval ("Plaintiff") has sued the United States Postal Service ("Defendant"), alleging that Defendant's vehicle failed to yield the right of way and damaged Plaintiff's vehicle. (Dkt. 1-2). Presently before this Court is Defendant's motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. 2). For the reasons set forth below, Defendant's motion to dismiss for lack of jurisdiction is granted.

## BACKGROUND

Plaintiff commenced this action on January 9, 2026, in the State of New York, Supreme Court, Steuben County. (Dkt. 1-2). Plaintiff alleges that on May 28, 2025, in Canadice, New York, Defendant's delivery vehicle failed to yield the right of way, forcing Plaintiff's vehicle off the road and causing its destruction. Plaintiff's vehicle was worth $13,659.00. (*Id.* at 1).

Defendant removed this action to federal court by filing a notice of removal on January 30, 2026, relying on 28 U.S.C. § 1346(b)(1) (providing that subject to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). (Dkt. 1). On January 30, 2026, Defendant filed the pending motion to dismiss. (Dkt. 2). Plaintiff has not responded.

## DISCUSSION

### I.   Legal Standard

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it. . . ." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) (citation modified). "When considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). Further, a court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but it may not rely on conclusory or hearsay statements contained in the affidavits." *Matthias v. United States*, 475 F. Supp. 3d 125,

133 (E.D.N.Y. 2020) (citation modified) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued. . . ." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (citation modified). Sovereign immunity extends to federal agencies, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."), and to "federal officers in their official capacities," *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).

Defendant appropriately construes Plaintiff's claims as falling under the FTCA. (Dkt. 2-1 at 3). Plaintiff alleges that an employee of Defendant, a United States agency, caused a motor vehicle accident, resulting in damage. (Dkt. 1-2). This falls under the FTCA. *Moore v. United States*, No. 21-CV-4971 (RER) (PK), 2026 WL 546856, at *17 (E.D.N.Y. Feb. 9, 2026) ("The FTCA waives the Government's sovereign immunity for state law personal injury claims involving the negligence of its employees."); *Citarella v. United States*, 86 F. Supp. 3d 151, 153 (E.D.N.Y. 2015) ("[T]he Supreme Court of the United States has explained that, [a]lthough the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name, the statute also provides that the FTCA shall apply to tort claims arising out of activities of the Postal Service. Thus, to the extent that plaintiff alleges that

the United States, or any agency thereof, committed common law torts against plaintiff, any such claim is governed by the FTCA." (citation modified)).[1]

As relevant here, the FTCA waives sovereign immunity for certain claims arising out of tortious conduct by federal employees. But before bringing any such claim in court, a plaintiff must first exhaust administrative remedies before the relevant federal agency. 28 U.S.C. § 2675 provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant *shall have first presented* the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added); *see also Yunkeung Lee v. United States*, 570 F. App'x 26, 27 (2d Cir. 2014) ("Prior to filing an FTCA action, a plaintiff must exhaust administrative remedies, which include presenting the claim to the appropriate federal agency."). The claim must be filed with the appropriate federal entity "within two years of the injury's accrual." *Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020) (citing 28 U.S.C. § 2401(b)). The exhaustion requirement "is jurisdictional and cannot be waived." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Plaintiff "bears the burden of showing that [ ]he exhausted h[is] administrative

---

[1] Federal courts have exclusive jurisdiction over FTCA claims. *Citarella*, 86 F. Supp. 3d at 153; *see De Masi v. Schumer*, 608 F. Supp. 2d 516, 520 (S.D.N.Y. 2009) ("[B]y way of the FTCA, the United States has provided a limited waiver of its sovereign immunity for specified tort cases, with exclusive jurisdiction over these cases in the federal courts.").

remedies by presenting h[is] claim to the appropriate federal agency before filing suit."
*Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019).

## II.    **This Court Lacks Jurisdiction**

Defendant submits a declaration of Kimberly A. Herbst ("Herbst"), manager of the Tort Program and Adjudication Unit of the United States Postal Service, in support of its motion.  (Dkt. 2-2).  Herbst states that she has full access to the "Postal Service Law Department ("Law Department") records that are maintained on each administrative claim submitted for adjudication to the Postal Service pursuant to the provisions of the [FTCA]." (*Id.* at ¶ 2).  Based on her examination of the Law Department's records, Herbst states that Plaintiff has not submitted an administrative tort claim for the incident on May 28, 2025. (*Id.* at ¶ 4).  Herbst also confirms that a separate database—maintained by the United States Postal Service's Tort Claims/Collections Specialists—similarly contains no record of a claim submitted by Plaintiff.  (*Id.* at ¶ 6).

Plaintiff has not responded to Defendant's motion, nor has Plaintiff submitted anything indicating that he has exhausted his administrative remedies.  For these reasons, Plaintiff has not met his burden to show that he exhausted his administrative remedies before commencing this action, and the Court therefore does not have subject matter jurisdiction over his FTCA claim.  *See, e.g.*, *Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020) ("Failure to comply with this exhaustion requirement deprives Article III courts of subject matter jurisdiction over FTCA claims."); *Ruffin v. United States*, No. 20-cv-04128 (ST), 2021 WL 4408039, at *6 (E.D.N.Y. Sept. 27, 2021) ("Plaintiff has failed

to satisfy the presentment requirement. This Court thus lacks jurisdiction over Plaintiff's claim.") (citation omitted).

Accordingly, Plaintiff's FTCA claim must be dismissed without prejudice.[2]

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss for lack of jurisdiction (Dkt. 2) is granted and Plaintiff's complaint is dismissed without prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: June 15, 2026
       Rochester, New York

---

[2] Defendant requests dismissal with prejudice (Dkt. 4), but this would constitute error because a court without jurisdiction has no power to dismiss a case with prejudice. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice." (quotations, citation, and alteration omitted)).